UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS JAMES,

                          Plaintiff,                    **ORDER**

                -against-                               15-CV-00106 (PMH)

DANA GAGE, et al.,

                          Defendants.

PHILIP M. HALPERN, United States District Judge:

Plaintiff Travis James ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, alleges under 42 U.S.C. § 1983 that his constitutional rights were violated while he was incarcerated at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York. (*See* Doc. 83). Pending presently before the Court is Plaintiff's request that the Court provide him with *pro bono* counsel. (Doc. 113). As set forth below, the motion for appointment of *pro bono* counsel is DENIED without prejudice to renew at a later date.

Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in pro se cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the Court to "first determine whether the indigent's position seems likely to be of substance,"

*Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the pro se litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's application does not speak to the standard outlined above; rather, he complains about pandemic-related restrictions on his access to the law library at Sing Sing, dental issues, and prior failed attempts to retain counsel. (Doc. 113 at 1-2). This action is still in its early stages; indeed, the Initial Pretrial Conference in this matter is scheduled for tomorrow. (Doc. 112). At this stage of the proceedings, the Court cannot determine whether Plaintiff's position seems likely to be of substance or whether there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is unable also to determine whether Plaintiff is unable to handle this case without counsel, as Plaintiff has "effectively litigat[ed] this matter thusfar." *Dayer v. Fallon*, No. 19-CV-301, 2019 WL 2912111, at *2 (N.D.N.Y. July 8, 2019). While the Court's conclusion may well change as the action progresses, the Court does not find any circumstances warranting the appointment of *pro bono* counsel at this time. As such, Plaintiff's application for *pro bono* counsel is DENIED without prejudice to renew at a later stage in the proceedings.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   White Plains, New York
         April 26, 2021

_____

PHILIP M. HALPERN
United States District Judge

2